**UNITED STATES v. MORRISON.**

No. 36740.

District Court, E. D. New York.

Nov. 4, 1936.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Fred A. Ironside, Jr., Sp. Asst. to the Atty. Gen., of counsel), for the United States.

Louis J. Castellano, of Brooklyn, N. Y., for defendant.

CAMPBELL, District Judge.

An indictment consisting of four counts was filed June 2, 1936, to which the defendant filed a demurrer on October 16, 1936.

The defendant demurs to counts I and III (title 18, section 80, U.S.C. [18 U.S. C.A. § 80]) upon the ground that each of said counts fails to set forth one of the statutory elements of the offense, to wit, the "purpose" of the defendant's act in filing the claim described in each count.

The defendant demurs to counts II and IV (title 18, section 73, 262 and 265 [18 U.S.C.A. §§ 73, 262, 265]) upon the ground that each of said counts is duplicitous.

Counts I and III are substantially identical, and counts II and IV are identical except as to dates and amounts.

██ Counts I and III are laid under title 18, section 80, U.S.C. [18 U.S.C.A. § .80] and no other statute applies.

The alleged offenses were committed before the 1934 amendment, and therefore the law as it existed in 1933 applies, and reads as follows: "§ 80. (Criminal Code, section 35, amended.) Presenting false claims; aiding in obtaining payment thereof. Whoever shall make or cause to be made or present or cause to be presented, for payment or approval, to or· by any person or officer in the civil, military, or naval service of the United States, or any department thereof, or any corporation in which the United States of America is a stockholder, any claim upon or against the Government of the United States, or any department or officer thereof, or any corporation in which the United States of America is a stockholder, knowing such claim to be false, fictitious, or fraudulent; or whoever, for the purpose of obtaining or aiding to obtain the payment or approval of such claim, or for the purpose and with the intent of cheating and swindling or defrauding the Government of the United States, or any department thereof, or any corporation in which the United States of America is a stockholder, shall knowingly and willfully falsify or conceal or cover up by any trick, scheme, or device a material fact, or make or cause to be made any false or fraudulent statements or representations, or make or use or cause to be made or used any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry, shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

This section is divided into halves.

The first half states as an essential element that the claim be made or presented or caused to be presented "for payment or approval."

The second half states as an essential element "the purpose of obtaining or aiding to obtain the payment or approval of such claim, or for the purpose and with the intent of cheating and swindling or defrauding the Government of the United States, or any department thereof."

It would appear that in drawing the indictment the intent was to charge a crime under the last clause of the second half of the section, but on behalf of the government it is contended that the offense. charged is laid under the first half of the section.

Concededly, the purpose· which forms an essential element of the second half of the section is not alleged.

It appears equally clear to me that the purpose which forms an essential element of the first half of the section, to wit, "for payment or approval," is not alleged.

This cannot be inferred if the allegation is necessary.

The allegation of the purpose is necessary. U. S. v. Cohn, 270 U.S. 339, 46 S.Ct. 251, 70 L.Ed. 616.

██ As to counts II and IV, they are laid under title 18, section 73, U.S.Code (18 U.S.C.A. § 73). Neither title 18, section 262 or 265 apply, nor does section 72. The only statute applicable ·is title 18, section 73, U.S.Code (18 U.S.C.A. § 73), which provides as follows: "§ 73. (Criminal Code, section 29.) Making, forging, counterfeiting, or altering deeds or powers of attorney; transmitting such papers. Whoever shall falsely make, alter, forge, or counterfeit, or cause or procure to be falsely made, altered, forged, or counterfeited, or willingly aid, or assist in the false making, altering, forging, or .counterfeiting, any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States, or any of their officers or agents, any sum of money; or whoever shall utter or publish as true, or cause to be uttered or published as true, any such false, forged, altered, or counterfeited deed, power of attorney, order, certificate, receipt, contract, or other writing, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited; or whoever shall transmit to, or present at, or cause or procure to be transmitted to, or. presented at, any office or officer of the Government of the United States, any deed, power of attorney, order, certificate, receipt, contract, or other writing, in support of, or in relation to, any account or claim, with intent to defraud the United States, knowing the same to be false. altered, forged, or counterfeited, shall be fined not more than $1,000 and imprisoned not more than ten years."

This section covers three offenses: First, the making of any forged or counterfeited deed or other writing for the purpose of obtaining any sum of money from the United States or any of its officers; second, the uttering of any such forged or counterfeit paper with intent to defraud the United States, knowing it to have been so forged; third, the transmitting or presenting to any office or officer of the government any such writing with knowledge that it is false or forged with intent to defraud the United States. U. S. v. Fout (D.C.) 123 F. 625; U. S. v. Barney, 24 Fed.Cas. page 1011, No. 14,524, 5 Blatchf. 294.

Two offenses are alleged in each of counts II and IV, to wit, the forgery and the uttering.

The case of Crain v. U. S., 162 U.S. 625, 16 S.Ct. 952, 40 L.Ed. 1097, cited on behalf of the government, is not in point, as that case holds that one accused of a crime may, in the same count, be charged with causing the doing of such things and each of them, but that is not the situation in the case at bar, in which two separate crimes are charged in each of those counts.

The demurrer is sustained.

Settle order on notice.